**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4394

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS ARIAS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:22-cr-00045-BO-RJ-3)

Submitted:  January 30, 2024                          Decided:  February 5, 2024

Before KING, AGEE, and THACKER, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Ryan M. Gaylord, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Arias seeks to appeal his conviction and the 240-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Arias' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning whether Arias' guilty plea is valid and whether the sentence—which falls within Arias' advisory Sentencing Guidelines range—is reasonable. Arias did not file a pro se supplemental brief after being notified of his right to do so. The Government has moved to dismiss the appeal as barred by Arias' waiver of the right to appeal included in the plea agreement.

Where, as here, the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issues raised on appeal fall within its scope. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Our review of the plea hearing leads us to conclude that Arias knowingly and intelligently waived his right to appeal and that the waiver is valid and enforceable.* Arias' challenge to his sentence falls squarely within the waiver's scope, and we discern no basis to decline to enforce the otherwise valid waiver and consider the

---

* Although there were numerous omissions from the district court's Fed. R. Crim. P. 11 colloquy, it is not apparent that those errors affected Arias' substantial rights, *see United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023), or that they rendered the appeal waiver unknowing or involuntary, *see United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023).

2

reasonableness of the within-Guidelines sentence. *See United States v. Taylor-Sanders*, 88 F.4th 516, 524 (4th Cir. 2023) (distinguishing "claims that a sentence is illegal because the district court lacked the authority to issue the sentence (which remain reviewable despite an appeal waiver) from claims that a sentence was imposed in violation of law because it has otherwise merely been touched by a legal error (in which case we will enforce the appeal waiver)" (emphasis and internal quotation marks omitted)). Finally, we have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver. Accordingly, we grant the Government's motion to dismiss Arias' appeal as to all issues within the waiver's scope. We affirm the remainder of the district court's judgment.

This court requires that counsel inform Arias, in writing, of the right to petition the Supreme Court of the United States for further review. If Arias requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Arias. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3